**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

JUAN CARLOS ALVARADO and ALBERTO TETLAMATZI, *individually and on behalf of others similarly situated*,

                        *Plaintiffs*,

-against-

NEW RAMS DELI PLUS INC. (D/B/A NEW RAM'S DELI PLUS), RAMS DELI PLUS INC. (D/B/A NEW RAM'S DELI PLUS), WAHEEB AL-FAHAD, ENEES SALEM (A/K/A ALLI), and MAHEDI AWATH,

                        *Defendants*.
------------------------------------------------------------------X

Case No.: 1:18-cv-08650

**ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants New Rams Deli Plus Inc. (d/b/a New Ram's Deli Plus), Rams Deli Plus Inc. (D/B/A New Ram's Deli Plus), Waheeb Al-Fahad, Enees Salem (a/k/a Alli), and Mahedi Awath, (collectively, the "**Defendants**"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the first amended complaint, dated September 21, 2018, (the "**Complaint**") of Juan Carlos Alvarado and Alberto Tetlamatzi (together, the "**Plaintiff**"), hereby admit, deny and allege as follows:

## NATURE OF ACTION

1. Defendants deny the allegations contained in paragraph "1" of the Complaint.

2. Defendants deny the allegations contained in paragraph "2" of the Complaint.

3. Defendants deny the allegations contained in paragraph "3" of the Complaint.

4. Defendants admit the allegations contained in paragraph "4" of the Complaint insofar as Plaintiff performed services for Defendants.

5. Defendants deny the allegations contained in paragraph "5" of the Complaint.

6. Defendants deny the allegations contained in paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in paragraph "8" of the Complaint.

9. Defendants deny the allegations contained in paragraph "9" of the Complaint.

10. No response is required to the statement set forth in paragraph "10"

11. No response is required to the statement set forth in paragraph "11"

## JURISDICTION AND VENUE

12. The allegations contained in paragraph "12" of the Complaint set forth legal conclusions for which no response is required.

13. The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required.

## PARTIES

*Plaintiffs*

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny the allegations contained in paragraph "15" of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny the allegations contained in paragraph "17" of the Complaint.

*Defendants*

18. Defendants deny the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny the allegations contained in paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Defendants admit the allegations contained in paragraph "21" of the Complaint insofar as Defendant Waleed M. Slaem is an individual engaging (or who has engaged) in business

in this judicial district. Defendants deny the remainder of the allegations contained in paragraph "21" of the Complaint.

22. Defendants admit the allegations contained in paragraph "21" of the Complaint insofar as Defendant Anice Salem (a/k/a Alli) is an individual engaging (or who has engaged) in business in this judicial district. Defendants deny the remainder of the allegations contained in paragraph "22" of the Complaint.

23. Defendants admit the allegations contained in paragraph "21" of the Complaint insofar as Defendant Mahedi Awua is an individual engaging (or who has engaged) in business in this judicial district. Defendants deny the remainder of the allegations contained in paragraph "21" of the Complaint.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

24. Defendants deny the allegations contained in paragraph "21" of the Complaint.

25. Defendants deny the allegations contained in paragraph "22" of the Complaint.

26. The allegations contained in paragraph "26" of the Complaint set forth legal conclusions for which no response is required.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in paragraph "28" of the Complaint.

29. The allegations contained in paragraph "29" of the Complaint set forth legal conclusions for which no response is required.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint.

*Individual Plaintiffs*

34. Defendants admit the allegations contained in paragraph "34" of the Complaint insofar as Plaintiffs performed services for Defendants.

*Plaintiff Juan Carlos Alvarado*

35. Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Defendants admit the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in paragraph "40" of the Complaint.

41. Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. Defendants deny the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in paragraph "46" of the Complaint.

47. Defendants deny the allegations contained in paragraph "47" of the Complaint.

48. Defendants deny the allegations contained in paragraph "48" of the Complaint.

49. Defendants deny the allegations contained in paragraph "49" of the Complaint.

50. Defendants deny the allegations contained in paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in paragraph "52" of the Complaint.

53. Defendants deny the allegations contained in paragraph "53" of the Complaint.

54. Defendants deny the allegations contained in paragraph "54" of the Complaint.

55. Defendants deny the allegations contained in paragraph "55" of the Complaint.

56. Defendants deny the allegations contained in paragraph "56" of the Complaint.

57. Defendants deny the allegations contained in paragraph "57" of the Complaint.

58. Defendants deny the allegations contained in paragraph "58" of the Complaint.

59. Defendants deny the allegations contained in paragraph "59" of the Complaint.

60. Defendants deny the allegations contained in paragraph "60" of the Complaint.

61. Defendants deny the allegations contained in paragraph "61" of the Complaint.

62. Defendants deny the allegations contained in paragraph "62" of the Complaint.

*Plaintiff Juan Carlos Alvarado*

63. Defendants deny the allegations contained in paragraph "63" of the Complaint.

64. Defendants deny the allegations contained in paragraph "64" of the Complaint.

65. Defendants deny the allegations contained in paragraph "65" of the Complaint.

66. Defendants deny the allegations contained in paragraph "66" of the Complaint.

67. Defendants deny the allegations contained in paragraph "67" of the Complaint.

68. Defendants deny the allegations contained in paragraph "68" of the Complaint.

69. Defendants deny the allegations contained in paragraph "69" of the Complaint.

70. Defendants deny the allegations contained in paragraph "70" of the Complaint.

71. Defendants deny the allegations contained in paragraph "71" of the Complaint.

72. Defendants deny the allegations contained in paragraph "72" of the Complaint.

73. Defendants deny the allegations contained in paragraph "73" of the Complaint.

74. Defendants deny the allegations contained in paragraph "74" of the Complaint.

75. Defendants deny the allegations contained in paragraph "75" of the Complaint.

76. Defendants deny the allegations contained in paragraph "76" of the Complaint.

77. Defendants deny the allegations contained in paragraph "77" of the Complaint.

78. Defendants deny the allegations contained in paragraph "78" of the Complaint.

79. Defendants deny the allegations contained in paragraph "79" of the Complaint.

*Defendants' General Employment Practices*

80. Defendants deny the allegations contained in paragraph "80" of the Complaint.

81. Defendants deny the allegations contained in paragraph "81" of the Complaint.

82. Defendants deny the allegations contained in paragraph "82" of the Complaint.

83. Defendants deny the allegations contained in paragraph "83" of the Complaint.

84. Defendants deny the allegations contained in paragraph "84" of the Complaint.

85. Defendants deny the allegations contained in paragraph "85" of the Complaint.

86. Defendants deny the allegations contained in paragraph "86" of the Complaint.

87. Defendants deny the allegations contained in paragraph "87" of the Complaint.

88. Defendants deny the allegations contained in paragraph "88" of the Complaint.

89. Defendants deny the allegations contained in paragraph "89" of the Complaint.

90. Defendants deny the allegations contained in paragraph "90" of the Complaint.

91. Defendants deny the allegations contained in paragraph "91" of the Complaint.

**FLSA COLLECTIVE ACTION CLAIMS**

92. No response is required to the statement set forth in paragraph "92".

93. The allegations contained in paragraph "93" of the Complaint set forth legal conclusions for which no response is required.

94. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

95. No response is required to the statement set forth in paragraph "95".

96. The allegations contained in paragraph "96" of the Complaint set forth legal conclusions for which no response is required.

97. Defendants deny the allegations contained in paragraph "97" of the Complaint.

98. Defendants deny the allegations contained in paragraph "98" of the Complaint.

99. Defendants deny the allegations contained in paragraph "99" of the Complaint.

100. The allegations contained in paragraph "100" of the Complaint set forth legal conclusions for which no response is required.

101. Defendants deny the allegations contained in paragraph "101" of the Complaint.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

102. No response is required to the statement set forth in paragraph "102".

103. Defendants deny the allegations contained in paragraph "103" of the Complaint.

104. The allegations contained in paragraph "104" of the Complaint set forth legal conclusions for which no response is required.

105. Defendants deny the allegations contained in paragraph "105" of the Complaint.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

106. No response is required to the statement set forth in paragraph "106".

107. Defendants deny the allegations contained in paragraph "107" of the Complaint.

108. Defendants deny the allegations contained in paragraph "108" of the Complaint.

109. Defendants deny the allegations contained in paragraph "109" of the Complaint.

110. Defendants deny the allegations contained in paragraph "110" of the Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK LABOR LAW

111. No response is required to the statement set forth in paragraph "111".

112. Defendants deny the allegations contained in paragraph "112" of the Complaint.

113. Defendants deny the allegations contained in paragraph "113" of the Complaint.

114. Defendants deny the allegations contained in paragraph "114" of the Complaint.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

115. No response is required to the statement set forth in paragraph "115".

116. Defendants deny the allegations contained in paragraph "116" of the Complaint.

117. Defendants deny the allegations contained in paragraph "117" of the Complaint.

118. Defendants deny the allegations contained in paragraph "118" of the Complaint.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

119. No response is required to the statement set forth in paragraph "119".

120. Defendants deny the allegations contained in paragraph "120" of the Complaint.

121. Defendants deny the allegations contained in paragraph "121" of the Complaint.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

122. No response is required to the statement set forth in paragraph "122".

123. Defendants deny the allegations contained in paragraph "123" of the Complaint.

124. Defendants deny the allegations contained in paragraph "124" of the Complaint.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

125. No response is required to the statement set forth in paragraph "125".

126. Defendants deny the allegations contained in paragraph "126" of the Complaint.

127. Defendants deny the allegations contained in paragraph "127" of the Complaint.

## PRAYER FOR RELIEF

128. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

129. Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who he purports to represent, or to whom he purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

130. Plaintiffs' claims are barred in whole or in party by the applicable statutes(s) of limitation under 29. U.S.C. Section 255.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

131.   Plaintiffs were paid in accordance with all applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

132.   Defendants did not engage in willful or unlawful conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

133.   As to any liquidated damage or other claim of the Plaintiffs, Defendants assert they acted in subjective good faith and had objectively reasonable grounds for the belief that the Defendants' policies and employee payments or omissions, including but not limited to the payment of wages complied with the law and were not a violation of the Fair Labor Standards Act.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

134.   The Complaint is barred, in whole or in part, pursuant to, inter alia, the Portal-to-Portal Act and the FLSA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

135.   Plaintiffs are exempt from the overtime requirements of the FLSA and NYLL under the motor carrier exemption.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

136.   This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiffs' New York Labor Law claim.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

137.   Assuming *arguendo*, Defendants violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## RESERVATION OF RIGHTS

138. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiffs' claims.

139. Defendants reserve the right to assert claims against Plaintiff arising out of Plaintiff's acts of theft.

**WHEREFORE**, Defendants demands judgment in their favor:

(a) denying Plaintiffs are entitled to the relief for which he prays on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: January 18, 2019
      New York, New York

By:   /s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
1 Penn Plaza, Suite 2527
New York, New York 10119
Telephone: (212) 792-0046
Facsimile: (212) 563-7108
Email: joshua@levinepstein.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2019, I electronically filed the foregoing Answer with Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

> Michael Faillace &Associates, P.C.
> Attn: Michael Faillace
> 60 East 42nd Street, Suite 4510
> New York, New York 10165
> *Attorneys for Plaintiff*

                                     /s/*Joshua D. Levin-Epstein*
                                     Joshua D. Levin-Epstein, Esq.