# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165  
_____

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

michael@faillacelaw.com

November 25, 2020

**BY ECF**  
Honorable Stewart Aaron  
United States District Judge  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

    Re:    Carlos Alvarado, et al. v. New Rams Deli Plus Inc. et al; No. 18-cv-8650

Your Honor:

This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after a settlement conference before your honor. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiffs contend that they were employed at Defendants' Bronx deli. Plaintiff Juan Carlos Alvarado was employed from approximately September 2014 to November 2017 and Plaintiff Alberto Tetlamatzi from approximately December 2015 to December 2017. They allege Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, notice and recordkeeping violations, unpaid spread of hours, and unlawful deductions from tips and wages.

Defendants categorically deny the allegations in the Complaint and further have suffered significant loss of revenue due to the Covid-19 outbreak.

2. **<u>Settlement Terms</u>**

Plaintiff Alvarado alleges he is entitled to back wages of approximately $171,557.72 and would be entitled to $417,829.11 if he had recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Plaintiff Tetlamatzi alleges he is entitled to back wages of approximately $35,798.75 and would be entitled to $ 100,800.55 if he had recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $60,000. The settlement shall be paid within sixty (60) days of the court's approval. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

While Plaintiffs stand by their claim, this settlement reflects concessions made in recognition of the harsh reality that small businesses have suffered greatly due to coronavirus lockdowns.

Considering the risks in this case outlined above, Plaintiff believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **<u>Plaintiff's Attorneys' Fees are Fair and Reasonable</u>**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $20,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $ XX. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No.

14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiff in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.     My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii.    Joshua S. Androphy was an associate at Michael Faillace & Associates, P.C. He graduated from Columbia Law School in 2005. He practiced as an associated at Olshan Frome Wolosky LLP through 2012. He practiced as senior attorney with Michael Faillace & Associates, P.C. from December 2012 to July 2020, cultivating a background in labor and employment law, with a focus on FLSA litigation. His work is billed at the rate of $400 per hour and indicated by the initials "JA."

    iii.   Clela A. Errington is an associate at Michael Faillace & Associates, P.C. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined Michael Faillace & Associates in 2020. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                    Respectfully submitted,

/s/
Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures