```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Juan Carlos Alvarado, et al.,

                Plaintiffs,

-against-

New Rams Deli Plus, Inc., et al.,

                Defendants.

1:18-cv-08650 (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

The Court has reviewed the parties' joint letter dated November 25, 2020 (ECF No. 64), seeking approval of their proposed Settlement Agreement & Release (the "Agreement") (ECF No. 64-1). For the reasons that follow, the application is denied without prejudice to renewal after the parties have removed or modified Paragraph 9 of the Agreement in accordance with this Order.

Paragraph 9 of the Agreement provides that "Plaintiffs and Plaintiffs' Attorneys will treat the existence and terms of this Agreement as confidential," and prohibits Plaintiffs and their attorneys from "publish[ing] or publiciz[ing] . . . information about the existence or terms of this Agreement in the media (print or broadcast) or on the Internet, including social media (*e.g.*, Facebook, Twitter, Instagram, Snapchat)." (ECF 64-1 at ¶ 9(a).)

Notwithstanding the fact that the Agreement has been filed on the public docket in this action, "courts in this District have repeatedly held that, even when a settlement is publicly filed, a provision that prohibits Plaintiff's right to discuss the settlement is incompatible with the purposes of the FLSA, namely, to ensure that workers are aware of their rights." *Arango v. Scotts Co., LLC*, No. 17-CV-07174 (KMK), 2019 WL 117466, at *3 (S.D.N.Y. Jan. 7, 2019) (requiring

removal of confidentiality provision); *see also, e.g.*, *Amaro v. Barbuto, LLC*, No. 16-CV-01581 (AJN), 2017 WL 476730, at *3 (S.D.N.Y. Feb. 2, 2017) (striking provision prohibiting parties from divulging to the media "the fact or existence" of their settlement agreement); *Burczyk v. Kemper Corp. Servs., Inc.*, No. 15-CV-01483 (SIL), 2017 WL 11511165, at *1 (E.D.N.Y. Mar. 28, 2017) (rejecting proposed social media restriction because, "considering the commonality of which individuals communicate over the internet, preventing Plaintiffs from posting 'on any social media, website, blog or other form or Internet activity' places a substantial burden on their ability to openly discuss their experience").

Accordingly, the parties' application for approval of the Agreement is denied without prejudice. No later than December 22, 2020, the parties shall notify the Court of their intention to either (a) file a revised settlement agreement and supporting materials consistent with this Order, or (b) proceed with litigation. If the parties opt to file a revised agreement, they must remove any provisions that would prevent Plaintiffs from truthfully communicating facts concerning this litigation's settlement.

**SO ORDERED.**

DATED:     New York, New York
           December 8, 2020

_____
STEWART D. AARON
United States Magistrate Judge